1   JIM MCCABE (CA BAR NO. 104686)
    JMcCabe@mofo.com
2   ANGELA E. KLEINE (CA BAR NO. 255643)
    AKleine@mofo.com
3   SARAH NICOLE DAVIS (CA BAR NO. 275145)
    SarahDavis@mofo.com
4   MORRISON & FOERSTER LLP
    425 Market Street
5   San Francisco, California  94105-2482
    Telephone:    415.268.7000
6   Facsimile:    415.268.7522

7   Attorneys for Defendant
    TALENTBIN, INC.

8

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13  ERIC HALVORSON, LAURA FERRER, PETER DALLMAN, ROBERT GRANA, 14  DENNIS BULCAO, and NEIL YOUNG, individually, as representatives of classes, and 15  on behalf of the general public, | Case No. **NOTICE OF REMOVAL** |
| 16                Plaintiffs, | |
| 17        v. | |
| 18  TALENTBIN, INC., | |
| 19                Defendant. | |

20

21

22

23

24

25

26

27

28

PLEASE TAKE NOTICE that Defendant TalentBin, Inc. ("TalentBin"), through undersigned counsel, hereby removes this case from the Superior Court of California, County of San Francisco, to the United States District Court for the Northern District of California. TalentBin denies the allegations and damages claimed in the Complaint, and files this notice without waiving any defenses, exceptions, or obligations that may exist in its favor in either state or federal court.

## PROCEDURAL BACKGROUND

On October 2, 2015, the above-entitled action was brought in the Superior Court of California, County of San Francisco, Case No. CGC-15-548270, by Plaintiffs Eric Halvoron, Laura Ferrer, Peter Dallman, Robert Grana, Dennis Bulcao, and Neil Young ("Plaintiffs") against TalentBin.  Plaintiffs personally delivered the Complaint on October 12, 2015, to TalentBin through its process server Corporation Service Company, doing business in California as CSC Lawyers Incorporating Service.  A true and correct copy of the Complaint and Summons served on TalentBin is attached as Exhibit A.  On November 5, 2015, TalentBin filed and served a General Denial of the allegations asserted in the Complaint with its affirmative defenses.  A true and correct copy of TalentBin's General Denial and Affirmative Defenses is attached as Exhibit B.

## TIMELINESS OF REMOVAL

TalentBin first received notice of this action through service of the summons and complaint on its registered agent for service of process on October 12, 2015.  This notice is therefore timely pursuant to 28 U.S.C. § 1446(b).

## BASIS FOR REMOVAL JURISDICTION

There are at least two independent grounds for removal.  First, Plaintiffs assert claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et al, which gives rise to federal question jurisdiction under 28 U.S.C. §§ 1331, 1441(a).  Second, the claims asserted by the Plaintiffs give rise to jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  Under 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over those claims, if any, that are not independently removable.  TalentBin also invokes all other grounds for

NOTICE OF REMOVAL

sf-3586334

1

removal that exist under applicable law.

**Federal Question Jurisdiction.** "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant…to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Claim I (Failure to Obtain Certification of a Permissible Purpose) (Compl. ¶¶ 136- 39), Claim II (Failure to Obtain Certification of Disclosure, Authorization, Adverse Action Procedures and Equal Employment Opportunity Laws) (*id.* ¶¶ 140-42), Claim III (Failure to Provide a Summary of Consumer Rights) (*id.* ¶¶ 143-45), Claim IV (Failure to Provide Notice to Users of FCRA Responsibilities) (*id.* ¶¶ 146-148), and Claim V (Failure to Provide Consumer's Full Files Upon Request) (*id.* ¶¶ 149-151) are all for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681. The Fair Credit Reporting Act is "a law…of the United States." *See* 28 U.S.C. § 1331. As such, for this reason alone, the action is removable to this Court.

**CAFA Jurisdiction.** This action is also a civil class action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), as amended by the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), and is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1446 and 1453. This Court has jurisdiction under CAFA because this case is (1) a proposed class action within the meaning of CAFA, in which (2) "any member of a class of plaintiffs is a citizen of a State different from any defendant," (3) the "number of members of all proposed plaintiff classes in the aggregate is [not] less than 100," and (4) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B).

Covered Class Action. The Class Action Fairness Act defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action." *See* 28 U.S.C. § 1332(d)(1)(B). The present action is a "class action" for purposes of the Class

NOTICE OF REMOVAL

sf-3586334

Action Fairness Act as Plaintiffs are bringing this action individually and on behalf of two nationwide classes:  (1) the "Improper Procedures Class" consisting of "[a]ll individuals about whom Defendant created a 'candidate profile' and communicated that 'candidate profile' to a third-party in the two years predating the filing of this Complaint and continuing through the date the class list is prepared[;]" and (2) the "Inadequate Disclosures Subclass" consisting of "[a]ll members of the Improper Procedures Class who requested information from their consumer files from Defendant and to whom Defendant did not provide information from the individual's file in the two years predating the filing of this Complaint and continuing through the date the class list is prepared[,]"  (Compl. ¶ 129) and are pursuing class recovery pursuant to Cal. Civ. Proc. Code section 382 ("Section 382").  Section 382 is a state statute that "is similar to Federal Rule of Procedure 23."  *Compare* Fed. R. Civ. P. 32 *with* Cal. Civ. Proc. Code § 382; (*see* Compl. ¶¶ 131-35) (addressing numerosity, commonality, typicality, adequacy, and superiority requirements.)  Plaintiffs allege that they believe at least the putative "Improper Procedures Class" comprises "over 1,000 class members."  (Compl. ¶ 131.)

　　　　Diversity.  The diversity requirement of Section 1332(d), as amended by the Class Action Fairness Act, is satisfied when any member of a class of plaintiffs is a citizen of a State different from any defendant.  In a class action, only the citizenship of the named plaintiffs matters for diversity of citizenship.  *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 931 n.2 (9th Cir. 2001).  As Plaintiff Halverson is a citizen of Chicago, Illinois (*see* Compl. ¶ 25) and TalentBin is a California corporation (Compl. ¶ 31), minimal diversity is satisfied.  28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every state…by which it has been incorporated.").[1]

　　　　At Least One Of The Proposed Classes Exceeds 100 Members.  Plaintiffs allege that the putative "Improper Procedures Class" consists of "[a]ll individuals about whom Defendant created a 'candidate profile' and communicated that 'candidate profile' to a third-party in the two years predating the filing of this Complaint and continuing through the date the class list is

---

[1] TalentBin was acquired by Monster Worldwide, Inc. ("Monster") in 2014.  Monster is headquartered in New York, New York.  Thus, even if considering the citizenship of Monster, minimal diversity would be satisfied.  *See* 28 U.S.C. § 1332(c)(1).

NOTICE OF REMOVAL

3

1  prepared."  (Compl. ¶ 129.)  Plaintiffs admit that the proposed class exceeds CAFA's 100-

2  member threshold.  (*See* Comp. ¶ 131.)  Plaintiffs allege that "Defendant has communicated

3  profiles on over *1,000 class members*."  (*Id.* (emphasis added).)  Plaintiffs add that the Inadequate

4  Disclosers Subclass includes "many of those individuals."  (*Id.*)

5       <u>Matter in Controversy.</u>  Pursuant to 28 U.S.C. § 1332(d)(2), this Court has "original

6  jurisdiction of any civil [class] action in which the matter in controversy exceeds the sum or value

7  of $5,000,000 exclusive of interest and costs."  As provided in 28 U.S.C. § 1332(d)(6), "[i]n any

8  class action, the claims of the individual class members shall be aggregated to determine whether

9  the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and

10  costs."

11       Plaintiffs do not explicitly allege the value of the matter in controversy in their complaint.

12  TalentBin does not concede that it is liable to plaintiffs or the purported class in any amount, or at

13  all.  Nevertheless, without conceding the merit of Plaintiffs' allegations, a fair reading of the

14  complaint demonstrates that the "matter in controversy" exceeds the sum or value of $5,000,000

15  for purposes of removal.  *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010)

16  ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective

17  assessment of defendant's liability").

18       Plaintiffs purport to represent a class consisting of "[a]ll individuals about whom

19  Defendant created a 'candidate profile' and communicated that 'candidate profile' to a third-party

20  in the two years predating the filing of this Complaint and continuing through the date the class

21  list is prepared;" and an additional subclass of "[a]ll members of the Improper Procedures Class

22  who requested information from their consumer files from Defendant and to whom Defendant did

23  not provide information from the individual's file in the two year predating the filing of this

24  Complaint and continuing through the date the class list is prepared."   (Compl. ¶ 129.)  Plaintiffs

25  allege five separate claims under the FCRA, four of which are brought on behalf of the "Improper

26  Procedures Class" (Compl. ¶¶ 136-51), which Plaintiffs allege has over a 1,000 members (Compl.

27  ¶ 131).

28

NOTICE OF REMOVAL

sf-3586334

4

For each FCRA claim, Plaintiffs allege that "Plaintiffs and the Improper Procedures Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations[.]" (Compl. ¶¶ 139, 142, 145, 148, 151.)  As the first four claims are brought on behalf of the "Improper Procedures Class," which includes "over 1,000 class members," there is at least $4 million at issue in the first four claims alone, without even considering Plaintiffs' requests for punitive damages and attorneys' fees.  Plaintiffs also add that "many of those individuals" are members of the Inadequate Disclosures Class, on whose behalf Plaintiffs advance a fifth claim, seeking an additional $100 to $1,000 in statutory damages per class member in the "Inadequate Disclosures Subclass." (*See* Compl. ¶¶ 131, 149-151.)  And, they seek "statutory damages of $10,000" on behalf of each of the six individual plaintiffs, for five separate additional claims. (*See id.* ¶¶ 152-166.)  Plaintiffs also seek injunctive relief, seeking to impose the requirements of the FCRA on TalentBin. (Compl.¶ 167.k.)  The value of the requested injunctive relief to either TalentBin or the class should also be included in the amount in controversy.  *See, e.g., Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).  Finally, Plaintiffs seek attorneys' fees. (Compl. ¶¶ 139, 142, 145, 148, 151, 154, 157, 160, 163, 166, 167.g, 167.j.) *See also* 15 U.S.C § 1681n(a)(3); Cal. Civ. Code § 1786.20(d)(1).  The amount of Plaintiffs' attorneys' fees should therefore be included in the amount in controversy calculation. *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982), *cert. denied*, 459 U.S. 945 (1982).  In light of Plaintiffs' demands for statutory damages, injunctive relief, punitive damages, and the potential attorneys' fee award, the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs.  Therefore, pursuant to 28 U.S.C. §§ 1441 and 1446, this action is removable.

NOTICE OF REMOVAL

sf-3586334

5

1

## NOTICE TO STATE COURT AND PLAINTIFFS

2          Counsel for TalentBin certifies that pursuant to 28 U.S.C. § 1446(d), copies of this Notice

3   of Removal will be filed with the Clerk of the Superior Court of the State of California, San

4   Francisco County, and served on Plaintiffs promptly.

5

6   Dated: November 10, 2015                    MORRISON & FOERSTER LLP

7

8                                               By:     /s/ Angela E. Kleine
                                                        Angela E. Kleine
9
                                                Attorneys for Defendant
10                                              TALENTBIN, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

sf-3586334