# **LEGAL NOTICE BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**You are receiving this notice because you have been identified as a class member who will be entitled to a settlement payment if a settlement is finally approved.**

**The parties estimate you will receive between $100 and $500 if you file a claim. However, the final amount you will receive depends on the number of claims filed.**

**This proposed settlement covers people about whom TalentBin, Inc. created a candidate profile since October 2, 2013, and had that profile exported to a potential recruiter or employer, as well as those people who requested a copy of their candidate profile from TalentBin.**

*A federal court authorized this Notice.*
*This is not a solicitation from a lawyer.*

This lawsuit alleges that TalentBin, Inc. ("TalentBin") was a "consumer reporting agency" preparing "consumer reports" under the Fair Credit Reporting Act ("FCRA") when it gathered information from various online sources regarding job seekers and then compiled that information into "candidate profiles" for sale to potential employers and recruiters, and that TalentBin violated the FCRA in various ways by not treating the profiles as "consumer reports."

Several persons about whom TalentBin maintained candidate profiles brought this lawsuit as a class action on behalf of individuals who were the subject of candidate profiles, alleging that the handling of candidate profiles by TalentBin did not comply with the FCRA.

TalentBin denies that it is a "consumer reporting agency" under the FCRA and that candidate profiles are "consumer reports." TalentBin maintains that it did not do anything wrong and that the FCRA does not apply to TalentBin or its activities.

The Court has preliminarily approved a class action settlement of these claims which includes an agreement for TalentBin to make certain changes to its business practices and the creation of a common fund of $1,150,000 to be divided among class members who provide the Settlement Administrator with their current mailing address after Court-approved fees and expenses are deducted from the fund.

If it becomes final, the Settlement will release TalentBin from any further liability for the legal claims raised in this lawsuit.

Your legal rights will be affected by this Settlement whether or not you take any action in response to it. ***Read this Notice carefully.***

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT ||
|---|---|
| **OPTION** | **RESULT** |
| **FILE A CLAIM** | If you believe your statutory rights have been violated and that you have been harmed, you may file a claim. **THE PARTIES ESTIMATE YOU WILL RECEIVE BETWEEN $100 AND $500 IF YOU FILE A CLAIM. HOWEVER, THE TOTAL AMOUNT YOU RECEIVE WILL DEPEND ON THE NUMBER OF CLAIMS FILED AND COULD BE LESS THAN $100.** If you do not indicate on the claim form that you believe your |

**QUESTIONS? CALL 1-844-357-8803 OR VISIT WWW.HALVORSONSETTLEMENT.COM**

|  | statutory rights have been violated and that you were harmed by the export of a TalentBin profile about you, you will not be eligible for a settlement payment. If you file a valid claim, you will receive a check mailed to the address you provide in connection with your claim. The check amount will be your pro rata share of the settlement fund after fees and expenses are deducted. The check amount will depend on the number of people in the class who file valid claims. The check amount will not be greater than $500 unless enforcing that cap amount would result in the *cy pres* recipient receiving more than 25% of the settlement amount. You will also benefit from the business practices changes to which TalentBin has agreed including: the revised Terms of Use that the potential employer and recruiter customers must abide, the ability for consumers to correct candidate profiles which attribute information to a consumer that is not drawn from that consumer's social media profiles, system enhancements that improve the recency of information on a consumer's profile, an enhanced mechanism to assist TalentBin in removing consumers' profiles from their system, and an enhanced list of terms that TalentBin will exclude from candidate profiles. You give up all claims against TalentBin relating to its FCRA violations to date.<br><br>**To be valid, Claims must be filed no later than INSERT, 201_.** |
|---|---|
| **DO NOTHING** | You will benefit from the business practices changes to which TalentBin has agreed including: the revised Terms of Use between TalentBin and its potential employer and recruiter users, enhancing the ability for individuals to correct the candidate profiles about them, system enhancements that improve the recency of information in a TalentBin profile upon request, an enhanced mechanism to assist TalentBin in removing profiles from their system, and an enhanced list of terms that TalentBin will exclude from candidate profiles. You give up all claims against TalentBin relating to its FCRA violations to date. |
| **EXCLUDE YOURSELF** | You will get no payment and will have no rights to enforce the business practice changes set forth in the settlement. This is the only option that allows you to be part of any other lawsuit against TalentBin that involves the legal claims in this case. |
| **OBJECT OR GO TO A HEARING** | Write to the Court about why you don't like the Settlement or ask to speak in Court about the fairness of the Settlement. |

- This Notice explains these rights and options **and the deadlines to exercise them.**
- The Court still has to decide whether to grant final approval to this Settlement. If it does, payments will be made after any appeals are resolved. Please be patient.

## BASIC INFORMATION

QUESTIONS? CALL 1-844-357-8803 OR VISIT WWW.HALVORSONSETTLEMENT.COM

## 1. WHY DID YOU GET THIS NOTICE?

According to TalentBin's records, you are the subject of a TalentBin candidate profile who either requested from TalentBin a copy of your candidate profile or were the subject of such a profile that was exported to a potential employer or recruiter user (or both) since October 2, 2013. The Court sent you this Notice because you have a right to know about this proposed Settlement and how it affects you.

## 2. WHAT IS THE LAWSUIT ABOUT?

The individuals who brought the lawsuit, who are called the Plaintiffs, claim that TalentBin was a "consumer reporting agency" and that it failed: (1) to obtain certifications from users of TalentBin's system that the use is for a "permissible purpose" under the FCRA; (2) to obtain certifications from users who used the candidate profiles for "employment purposes" as defined by the FCRA that the user will comply with the FCRA; (3) to provide users with a summary of consumers' rights under the FCRA; (4) to provide notices of users' obligations under the FCRA; and (5) to provide consumers, upon request, with copies of TalentBin's files about the consumers including the users to whom the profiles were provided and the sources of the information in the profiles.

TalentBin denies that it was a "consumer reporting agency" and that the candidate profiles are "consumer reports" under the FCRA. Therefore, TalentBin denies liability for Plaintiffs' claims.

## 3. WHY IS THIS A CLASS ACTION?

In a class action, the Plaintiffs bring the lawsuit for themselves and as Class Representatives on behalf of other people, called Class Members, who have similar claims. One court resolves all the issues for all the Class Members, except for those who timely exclude themselves. Magistrate Judge Joseph C. Spero of the United States District Court for the Northern District of California is in charge of this class action.

## 4. WHY IS THERE A SETTLEMENT?

The Court has not decided in favor of Plaintiffs or TalentBin. Instead, both sides agreed to a Settlement. That way, they avoid the cost and uncertainty of a trial and related appeals, while providing compensation to Class Members. The Class Representatives and the attorneys think the Settlement is best for all Class Members. The Court in charge of this lawsuit has granted preliminary approval of the Settlement and ordered this Notice be distributed to explain it.

## 5. HOW DO YOU KNOW IF YOU ARE PART OF THE SETTLEMENT?

Everyone who fits this description is a Class Member:

> All persons who were the subject of a TalentBin profile and who, between October 2, 2013, and August 8, 2016, inclusive, (a) requested from TalentBin a copy of the profile about them or (b) were the subject of a profile, containing at least one email address not known to be bad, that was exported to a Recruiter (the "Settlement Class").

If your name was on a Notice sent to you by mail or email, then you are a Class Member and are part of the Settlement, unless you timely exclude yourself from it.

## 6. WHAT BENEFITS DOES THE SETTLEMENT PROVIDE YOU?

QUESTIONS? CALL 1-844-357-8803 OR VISIT WWW.HALVORSONSETTLEMENT.COM

The Settlement provides for a payment of $1.15 million by TalentBin to a fund from which payments to class members, attorneys' fees to Class Counsel, the costs of the settlement administrator, and service payments to the Class Representatives will be made. **The parties estimate you will receive between $100 and $500 if you file a claim. However, the final amount will depend on the number of claims filed, and could be less than $100.**

The Settlement also provides that TalentBin will implement certain business practice changes including: revising the Terms of Use that the potential employer and recruiter customers must abide, enhancing for consumers' ability to correct candidate profiles which attribute information to a consumer that is not drawn from that consumer's social media profiles, making system enhancements that improve the recency of information on a consumer's profile, enhancing the mechanism used to assist TalentBin in removing consumers' profiles from their system, and supplementing the list of terms that TalentBin will exclude from candidate profiles.

Settlement Class Members who submit valid claims via the Settlement Website will be entitled to a distribution from the Settlement Amount. The amount payable to each such class member will be the class member's *pro rata* share of the $1.15 million settlement fund after deducting Court-approved amounts for an award of attorneys' fees and costs, settlement administration expenses, and service payments to the Class Representatives. The Court will estimate the cost of settlement administration. If class members' pro rata shares of the settlement fund after deducting the Court-approved amounts exceeds $500, the remainder shall be donated to a Court-approved *cy pres* recipient. However, to the extent the donation to the Court-approved *cy pres* recipient would exceed 25% of the settlement fund ($287,500), class members' pro rata shares shall be increased above $500 until the *cy pres* donation is equal to 25% of the settlement fund.

**To receive a distribution from the Settlement Amount, you must submit a valid claim through the Settlement Website, www.HalvorsonSettlement.com.**

If you change your name or mailing address after you submit your claim and before you receive your payment, please go to www.HalvorsonSettlement.com and update your information to ensure that you receive your payment.

### 7. IF THE SETTLEMENT IS APPROVED, WHEN WOULD YOU GET YOUR PAYMENT?

The Court will hold a hearing on INSERT at 10:00 a.m. to decide whether to grant final approval to the Settlement. If the Court grants final approval, there may be appeals. It's always uncertain how long it will take to resolve any appeals. Please be patient.

### 8. WHAT ARE YOU GIVING UP BY STAYING IN THE CLASS?

Unless you timely exclude yourself, you are staying in the Settlement Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against TalentBin or certain related companies and individuals about the legal issues in the class action. It also means that the Court's Orders in this case will apply to you and legally bind you. If you do not exclude yourself, you will agree to the following Release of Legal Claims:

#### Release of Legal Claims

Upon Final Approval, the Settlement Class Representatives, each Settlement Class Member who has not opted out of the settlement in accordance with the terms of this Settlement Agreement, and each of their respective executors, representatives, heirs, successors, bankruptcy trustees, guardians, wards, agents and assigns, and all those who claim through them or who assert claims on their behalf will be deemed to have completely released and forever discharged the Released Parties, and each of them, from all Released Claims.

"Released Claims" includes any duties, obligations, claims, causes of action, damages, rights or liabilities, whether arising under local, state or federal statutory or common law (including, but not limited to, the FCRA and FCRA State Equivalents), whether known or unknown, and whether disclosed or hidden, arising out of, or relating in any way to TalentBin's preparation of candidate profiles and any updates thereto, furnishing of candidate profiles to Recruiters, and/or responses to candidate requests for their candidate profiles or for removal of their candidate profiles, during the Class Period.

"FCRA State Equivalents" means any statute or regulation of any state, U.S. Territory, the District of Columbia, or Puerto Rico, that has the purpose or effect of regulating the collection or reporting of consumer credit information, including without limitation California's Investigative Consumer Reporting Agencies Act, Cal. Civil Code §§ 1786.10-1786.40.

This Release includes, without limitation, any claims which have been or could have been asserted in the Litigation against TalentBin, including but not limited to claims based upon TalentBin's sale of candidate profiles to Recruiters, TalentBin's failure to obtain permissible purpose certifications, and/or certifications of disclosure, authorization, adverse action procedures, and equal employment opportunity laws from Recruiters, TalentBin's failure to provide a summary of consumer rights or a notice to users, TalentBin's failure to treat candidate profiles as "consumer reports," and/or TalentBin's responses to consumers' requests for information from TalentBin. The Released Claims include all claimed or unclaimed compensatory, statutory, consequential or punitive damages, as well as all claims for equitable, declaratory, or injunctive relief. Released Claims also include all interest, costs and attorneys' fees. The "Released Parties" who you will be unable to sue about the legal issues in this case unless you exclude yourself are: TalentBin, Inc., Monster Worldwide, Inc. and each of their present, former and prospective parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and the present and former directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, distributors and the predecessors, successors and assigns of each of them.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want the payment from this Settlement, and instead want to keep the right to sue or continue to sue TalentBin on your own about the legal issues in this case, then you must take the required steps described below to get out. This is called excluding yourself from the Settlement. Sometimes it is referred to as "opting out" of the Settlement Class. If you exclude yourself, you will not receive a payment from this Settlement.

### 9. HOW DO YOU EXCLUDE YOURSELF FROM THE SETTLEMENT?

To exclude yourself from this Settlement, you must either send by mail or submit a letter via the Settlement Website at www.HalvorsonSettlement.com, saying that you want to be excluded. To be valid, your exclusion letter must include: (1) the name of this lawsuit, *Halvorson v. TalentBin, Inc.*; (2) your full name, mailing address, email address(es), and telephone number; (3) a statement that you wish to exclude yourself from the Settlement; and (4) your signature. You must mail your exclusion request **postmarked no later than INSERT, 2017** to: "TalentBin Settlement Exclusions," [INSERT ADDRESS] or submit your exclusion request via the Settlement Website by **INSERT, 2017**.

**WARNING: EXCLUSION LETTERS THAT ARE NOT POSTMARKED ON OR BEFORE INSERT, 2017 OR SUBMITTED VIA THE SETTLEMENT WEBSITE BY INSERT, 2017 WILL NOT BE HONORED.**

QUESTIONS? CALL 1-844-357-8803 OR VISIT WWW.HALVORSONSETTLEMENT.COM

You cannot exclude yourself by telephone or by email. You cannot exclude yourself by mailing a request to any other location or after the deadline. You must sign your exclusion letter. If you submit your exclusion letter through the Settlement Website, the Settlement Website will accept an electronic signature. A lawyer cannot sign for you. No one else can sign for you. If you opt out, your name will appear in the Court's records to identify you as someone not bound by the Settlement.

### 10. IF YOU DON'T EXCLUDE YOURSELF, CAN YOU SUE TALENTBIN FOR THE SAME THING LATER?

No. If you don't exclude yourself and the Settlement is granted final approval, you give up any right to sue TalentBin on any of the claims that this Settlement resolves. If you have a pending lawsuit against TalentBin over these claims, speak to your lawyer in that case immediately. You must exclude yourself from this Class to continue your own lawsuit.

### 11. IF YOU EXCLUDE YOURSELF, CAN YOU STILL GET A PAYMENT FROM THIS SETTLEMENT?

No. If you exclude yourself from the Settlement Class, you will not receive a payment. But, you may sue, continue to sue, or be part of a different lawsuit against TalentBin (if any).

## THE LAWYERS REPRESENTING YOU

### 12. DO YOU HAVE A LAWYER IN THIS CASE?

The Class Representatives retained the following attorneys to represent them: Berger & Montague, P.C. and Gottlieb & Associates. The Court has appointed these three firms to represent you and the other Class Members. Together, the lawyers are called Settlement Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 13. HOW WILL THE LAWYERS' FEES, NOTICE COSTS, AND ADMINISTRATIVE FEES BE PAID?

TalentBin has agreed to pay $1,150,000 to settle the claims of the Settlement Class, Class Counsel's claim for attorneys' fees and expenses, and to pay the costs of notifying the Settlement Class Members of the Settlement and of administering the Settlement process.

Class Counsel will ask the Court to award them attorneys' fees in an amount no greater than 25% of the Settlement Amount ($287,500) plus reasonable out-of-pocket expenses. The Court may award the Plaintiffs in this case service awards totaling up to $15,000 ($2,500 per person) for the time and effort they have put into this case on behalf of the Settlement Class. Amounts paid to Class Counsel as fees and expenses and service awards to the Plaintiffs will reduce the amount that can be paid out to the Settlement Class as benefits. The attorneys representing the class have handled this case on a contingency basis. To date, they have not been paid anything for their work, and they have paid all of he litigation costs out-of-pocket, without any reimbursement. Class counsel will be required to submit a fee request to the court demonstrating why the fee they are seeking is reasonable. This petition will be available on the Court's website no later than **DATE TWO WEEKS BEFORE OBJECTION DEADLINE**.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the Settlement or some part of it.

### 14. HOW DO YOU TELL THE COURT THAT YOU DON'T LIKE THE SETTLEMENT?

QUESTIONS? CALL 1-844-357-8803 OR VISIT WWW.HALVORSONSETTLEMENT.COM

If you're a Class Member, you can object to the Settlement if you don't think it is fair, reasonable or adequate. You can give reasons why you think the Court should not approve it. The Court will consider your views. You must submit a written objection as set forth below. Be sure to include (1) the name of this lawsuit, *Halvorson v. TalentBin, Inc.*; Case No. 3:15-cv-05166-JCS; (2) your name, mailing address, email address, and telephone number; (3) a statement of whether you intend to appear at the Fairness hearing; (4) the reasons you object to the Settlement; and (5) your signature. You must mail your objection to the following three different places **postmarked no later than INSERT, 2017**:

| **The Court** | **Class Counsel** | **Defense Counsel** |
|---|---|---|
| U.S.D.C. N.D. Cal. | E. Michelle Drake | Angela Kleine, Esq. |
| Clerk of Court | Berger & Montague, P.C. | Morrison & Foerster LLP |
| 450 Golden Gate Ave. | 43 Main Street SE, Suite 505 | 425 Market Street |
| San Francisco, CA 94102 | Minneapolis, MN 55414 | San Francisco, CA 94105-2482 |

### 15. WHAT'S THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be included in the Settlement. If you exclude yourself, you cannot object because the Settlement no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a public hearing to decide whether to grant final approval to the Settlement. You may attend the hearing, at your own expense, but you don't have to.

### 16. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold the Fairness Hearing at 10:00 a.m., on **insert**, 2017, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom __, San Francisco, California 94102. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have submitted timely requests to speak at the hearing as described in Question No. 18, below. The Court may also decide how much Class Counsel will be paid as attorneys' fees and costs and how much the Plaintiffs will be paid as service payments. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

### 17. DO YOU HAVE TO COME TO THE HEARING?

No. Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

### 18. MAY YOU SPEAK AT THE HEARING?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Halvorson v. TalentBin, Inc.*; Case No. 3:15-cv-05166-JCS." Your letter must include your name, address, telephone number, email address and signature. You must identify the points you wish to speak about at the hearing, enclose copies of any documents you intend to rely on at the hearing, and state whether you intend to have a lawyer

speak on your behalf. Your Notice of Intention to Appear **must be postmarked no later than INSERT, 2017,** and be sent to the Clerk of the Court, Class Counsel, and Defense Counsel at the addresses listed above. You cannot speak at the hearing if you exclude yourself from the Settlement.

## IF YOU DO NOTHING

### 19. WHAT HAPPENS IF YOU DO NOTHING AT ALL?

Unless you exclude yourself, you will be included in the class and will be bound by the terms and conditions of the Settlement. If the Settlement is approved, your claims against TalentBin will be "released." This means you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against TalentBin about the issues in this case. If you have made a valid claim, you will receive a payment.

## GETTING MORE INFORMATION

### 20. ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?

This Notice summarizes the Settlement. More details are in a Settlement Agreement. You can review the Settlement Agreement and other documents relating to the case at www.HalvorsonSettlement.com. You may obtain a copy of the Settlement Agreement by writing to:

INSERT CLAIMS ADMIN

**Note:** ***Do not*** *call or write the Court or the Court Clerk's office for more information.*