UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC HALVORSON, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>TALENTBIN, INC.,<br><br>　　　　Defendant. | Case No. 15-cv-05166-JCS<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: Dkt. Nos. 65, 66 |

Plaintiffs Eric Halvorson, Laura Ferrer, Peter Dallman, Robert Grana, Dennis Bulcao, and Neil Young ("Plaintiffs"), on behalf of themselves and the Settlement Class Members, and Defendant TalentBin, Inc. ("TalentBin") (collectively, the "Parties"), have entered into a Settlement Agreement dated November 16, 2016 (the "Settlement Agreement"), providing for the settlement of this case (the "Settlement").

A Fairness Hearing was held before this Court on July 14, 2017 to consider, among other things, whether the Settlement represents a fair, reasonable and adequate compromise of the Action, and the amount to be paid to Settlement Class Counsel as fees and litigation costs for prosecuting the Action. Having considered the evidence and argument submitted by the Parties, and any objections to the Settlement submitted,

**GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

This Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Final Judgment will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Final Judgment.

This Court has jurisdiction over the subject matter of this action, the Settlement Class

Representatives, the Settlement Class (defined below), and TalentBin. Final Approval of the Settlement, and the request for entry of a Final Judgment and order of dismissal is hereby **GRANTED**.

The Court finds that the Settlement Agreement is the product of good faith arms-length negotiations by the Parties, each of whom was represented by experienced counsel.

The Court finds that the Class proposed for purposes of the Settlement meets the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), and hereby certifies a Settlement Class in the Action as follows:

> All persons who were the subject of a TalentBin profile and who, between October 2, 2013, and August 8, 2016, inclusive, (a) requested from TalentBin a copy of the profile about them or (b) were the subject of a profile, containing at least one email address not known to be bad, that was exported to a Recruiter. (the "Settlement Class").

This Court approves all terms set forth in the Settlement Agreement and the Settlement reflected therein, and finds that such Settlement is, in all respects, fair, reasonable, adequate and in the best interest of the Settlement Class Members, and the Parties to the Settlement Agreement are directed to consummate and perform its terms.

The Parties dispute the validity of the claims in the Action, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Settlement Agreement to be fair, reasonable, adequate and in the best interests of the Settlement Class Members. Beyond facing uncertainty regarding the resolution of those issues, by continuing to litigate, Settlement Class Members would also face the challenge of surviving an appeal of any class certification order entered in this action, and any other rulings rendered during trial. Settlement Class Counsel has reviewed the Settlement Agreement and finds it to be in the best interest of the Settlement Class Members. For all of these reasons, the Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the tremendous expense associated with it, weigh in favor of approval of the Settlement reflected in the Settlement Agreement.

The Court finds that the Notice provided for in the Order of Preliminary Approval of Settlement has been provided to the Settlement Class, and the Notice provided to the Settlement Class constituted the best notice practicable under the circumstances, and was in full compliance

with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution, and any other applicable law. The Notice apprised the members of the Settlement Class of the pendency of the litigation; of all material elements of the proposed settlement, including but not limited to the relief afforded the Settlement Class under the Settlement Agreement; of the res judicata effect on members of the Settlement Class and of their opportunity to object to, comment on, or opt-out of, the Settlement; of the identity of Settlement Class Counsel and of information necessary to contact Settlement Class Counsel; and of the right to appear at the Fairness Hearing. Full opportunity has been afforded to members of the Settlement Class to participate in the Fairness Hearing. Accordingly, the Court determines that all Final Settlement Class Members are bound by this Final Judgment in accordance with the terms provided herein.

This Action is dismissed with prejudice, and without costs to any party, except as provided for in the Settlement Agreement and in this Final Judgment.

Within five business days of the Effective Date of the Settlement, TalentBin shall deliver to the Settlement Administrator for deposit into the Settlement Fund the balance of the $1,150,000 Settlement Fund in accordance with section 6.3.2 of the Settlement Agreement.

Having reviewed the submissions of Settlement Class Counsel, the Court finds that the sum of $309,634.76 is reasonable compensation for Settlement Class Counsel's attorneys' fees and expenses. Because settlement administration costs exceeded what was expected, the awarded attorneys' fees and costs will paid in two distributions so that more money may be distributed to the Class. For the initial distribution of attorneys' fees and costs, the Settlement Administrator will pay the sum of $279,490.15,[1] which will be taken from the Settlement Fund and will be sent

---

[1] This amount is based on the $287,500 originally requested in attorneys' fees and $22,134.76 requested in costs less $25,000 (the reduction the Court finds reasonable under the circumstances) and a further deduction of $5,144.61 to account for costs incurred by the claims administrator in connection with the final denial notices. In their proposed order, Plaintiffs requested $279,193.25 be distributed initially and $30,441.51 withheld for later distribution from uncashed checks. It appears that these amounts were derived by using $5,441.51 for the denial notice cost. According the papers previously filed in support of the Motion for Final Approval, however, the administrative cost associated with sending the denial notices was $5,144.61. The Court assumes that this was a clerical error and has recalculated the amounts using the figure that was previously provided to the Court.

3

1    to Settlement Class Counsel, by wire transfer, within five (5) business days of the Settlement

2    Administrator's receipt of TalentBin's Settlement Fund deposit in accordance with section 6.3.2 of

3    the Settlement Agreement.  The Settlement Administrator shall hold back the remaining

4    $30,144.61, and instead distribute that amount to the Class.  Once the check cashing deadline has

5    passed, if there are amounts remaining in the settlement fund due to uncashed checks, Class

6    Counsel shall be entitled to be paid up to $30,144.61 from such remaining amounts prior to any

7    charitable distributions made pursuant to section 7.4 of the Settlement Agreement.

8        Having reviewed the submissions of Settlement Class Counsel, the Court finds that the

9    sum of $2,500 for each Plaintiff is reasonable compensation for the Plaintiffs' services in this

10   matter.  The Settlement Administrator shall pay these sums out of the Settlement Payment to each

11   Class Representative within five (5) business days of the Settlement Administrator's receipt of

12   TalentBin's Settlement Fund deposit in accordance with section 6.3.2 of the Settlement

13   Agreement.

14       Having reviewed the submissions of Settlement Class Counsel, the Court finds that the

15   sum of $110,142.63 is reasonable compensation for the settlement administration services

16   provided by Angeion in this matter.  The Settlement Administrator may pay itself these sums out

17   of the Settlement Payment within five (5) business days of the Settlement Administrator's receipt

18   of TalentBin's Settlement Fund deposit in accordance with section 6.3.2 of the Settlement

19   Agreement.

20       Within five (5) business days of the Settlement Administrator's receipt of TalentBin's

21   Settlement Fund deposit in accordance with section 6.3.2 of the Settlement Agreement, the

22   Settlement Administrator shall mail out checks to Claimants in accordance with section 7.3 of the

23   Settlement Agreement.

24       In accordance with section 7.3.1 of the Settlement Agreement, all Individual Benefit

25   Checks issued to Claimants shall bear a legend stating that the check is not valid ninety (90) days

26   after the date of issuance.  The Settlement Administrator will effect the distribution of the sum of

27   any settlement checks that remain uncashed after the last check void date in accordance with

28   section 7.4 of the Settlement Agreement.  Any charitable distributions made pursuant to section

7.4 of the Settlement Agreement shall be distributed to National Consumer Law Center along with any amounts required by section 7.2.2 of the Settlement Agreement.

Within thirty (30) days of the date when all other obligations set forth in the Settlement Agreement have been completed, the Parties shall jointly file with the Court a notice stating that they have complied with all requirements set forth in the Settlement Agreement, the Order of Preliminary Approval of Settlement, and this Final Judgment.

Upon Final Approval, the Settlement Class Representatives, each Settlement Class Member who has not opted out of the settlement in accordance with the terms of this Settlement Agreement, and each of their respective executors, representatives, heirs, successors, bankruptcy trustees, guardians, wards, agents and assigns, and all those who claim through them or who assert claims on their behalf will be deemed to have completely released and forever discharged the Released Parties, and each of them, from all Released Claims.  "Released Claims" includes any duties, obligations, claims, causes of action, damages, rights or liabilities, whether arising under local, state or federal statutory or common law (including, but not limited to, the FCRA and FCRA State Equivalents), whether known or unknown, and whether disclosed or hidden, arising out of, or relating in any way to TalentBin's preparation of candidate profiles and any updates thereto, furnishing of candidate profiles to Recruiters, and/or responses to candidate requests for their candidate profiles or for removal of their candidate profiles, during the Class Period.  "FCRA State Equivalents" means any statute or regulation of any state, U.S. Territory, the District of Columbia, or Puerto Rico, that has the purpose or effect of regulating the collection or reporting of consumer credit information, including without limitation California's Investigative Consumer Reporting Agencies Act, Cal. Civil Code §§ 1786.10-1786.40.  This Release includes, without limitation, any claims which have been or could have been asserted in the Litigation against TalentBin, including but not limited to claims based upon TalentBin's sale of candidate profiles to Recruiters, TalentBin's failure to obtain permissible purpose certifications, and/or certifications of disclosure, authorization, adverse action procedures, and equal employment opportunity laws from Recruiters, TalentBin's failure to provide a summary of consumer rights or a notice to users, TalentBin's failure to treat candidate profiles as "consumer reports," and/or TalentBin's responses

to consumers' requests for information from TalentBin. The Released Claims include all claimed or unclaimed compensatory, statutory, consequential or punitive damages, as well as all claims for equitable, declaratory, or injunctive relief. Released Claims also include all interest, costs and attorneys' fees.

Should any Settlement Class Representative or Final Settlement Class Member prosecute any claim they have released in the preceding paragraphs, this Settlement may be pleaded as a complete defense.

Neither this Final Judgment nor the Settlement Agreement, nor any of its terms or provisions nor any of the negotiations or proceedings connected with it, shall be: (1) construed as an admission or concession by TalentBin of the truth of any of the allegations in the Action, or of any liability, fault or wrongdoing of any kind; or (2) construed as an admission by Settlement Class Representatives or the Settlement Class as to any lack of merit of the claims or this action.

If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason whatsoever, this Final Judgment and the Order of Preliminary Approval of Settlement shall be deemed vacated and shall have no force and effect whatsoever.

Without affecting the finality of this Final Judgment in any way, this Court retains continuing jurisdiction for the purpose of enforcing the Settlement Agreement and this Final Judgment, and other matters related or ancillary to the foregoing.

The Parties having so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Final Judgment and order of dismissal with prejudice be, and hereby is, entered as a final and appealable order.

**IT IS SO ORDERED.**

Dated: July 25, 2017

_____
JOSEPH C. SPERO
Chief Magistrate Judge